IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



NOV 15 2017

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| ROBERT GANDY, | § | |
| Plaintiff, | § § § | |
| V. | § | CIVIL ACTION NO. **17 CV 3499** |
| JPMORGAN CHASE BANK, N.A., | § § | |
| Defendant. | § § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Comes now, ROBERT GANDY, Plaintiff herein, files this his Original Complaint, and would respectfully show the Court the following:

### JURISDICTION

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331 which confers jurisdiction over Fair Credit Reporting Act claims without regard to the amount in controversy. The sole claim asserted in this case is for violations of the Fair Credit Reporting Act. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1681*p*.

### VENUE

2. Venue is proper in the Southern District of Texas, pursuant to 28 U.S.C. §1337, based upon the fact that Plaintiff is a citizen of the State of Texas and resides in Fort Bend County which is located in the Southern District of Texas. The transactions and occurrences which give rise to this action occurred in Fort Bend County, Texas.

## PARTIES

3.   Plaintiff is Robert Gandy (hereinafter referred to as "Plaintiff"), who is an individual residing within the Southern District of Texas. Plaintiff is a consumer as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq* ("FCRA") at §1681a(c).

4.   Defendant, JPMorgan Chase Bank, (hereinafter referred to as "Chase" or "Defendant") is a national association incorporated pursuant to the laws of the United States of America with its principal place of business in Newark, Delaware.

## FACTUAL BACKGROUND

### A. THE ACCOUNT

5.   Plaintiff has no debtor-creditor relationship with Chase.

6.   Notwithstanding the fact that there has been no debtor-creditor relationship between plaintiff and Chase, Chase has accessed Plaintiff's Equifax and Experian credit file on at least these occasions:

October 09, 2016

December 16, 2016

March 20, 2017

March 27, 2017

April 22, 2017

June 02, 2017

July 25, 2017

October 14, 2017

## B. THE CONSUMER, THE USER AND THE DATA REPOSITORIES

7. Plaintiff is a consumer as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq* ("FCRA") at §1681a(c).

8. Experian Information Solutions, Inc. (hereinafter referred to as "Experian") is corporation organized under the laws of the State of Ohio with its principal place of business in Allen, Texas. Experian is a "consumer reporting agency" as that term is defined in 15 U.S.C. §1681a(f). In connection therewith, Experian acts as a data repository, assembling and storing information on consumers for the purpose of furnishing consumer reports to third parties.

Equifax, Inc. (hereinafter referred to as "Equifax") is corporation with its principal place of business in Atlanta, GA. Equifax is a "consumer reporting agency" as that term is defined in 15 U.S.C.§1681a(f). In connection therewith, Equifax acts as a data repository, assembling and storing information on consumers for the purpose of furnishing consumer reports to third parties.

1. Chase is a subscriber and user of consumer reports issued by Experian and Equifax.

2. Chase also furnishes data about its experiences with consumers with whom it transacts business to Experian and Equifax.

3. Chase is a furnisher of information as contemplated by the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer.

## C. ACCESSING THE CONSUMER'S CREDIT INFORMATION

4. On or about October 09, 2016 Chase accessed the contents of Plaintiff's credit file

from Experian and Equifax. In connection therewith, Chase made a general or specific certification to Experian and Equifax that Chase sought the information because it had a legitimate business need for the information in connection with a business transaction initiated by Plaintiff or to review an account to determine whether Plaintiff continued to meet the terms of said account.

5. On or about December 16, 2016 Chase accessed the contents of Plaintiff's credit file from Experian and Equifax. In connection therewith, Chase made a general or specific certification to Experian and Equifax that Chase sought the information because it had a legitimate business need for the information in connection with a business transaction initiated by Plaintiff or to review an account to determine whether Plaintiff continued to meet the terms of said account.

6. On or about March 20, 2017 Chase accessed the contents of Plaintiff's credit file from Experian and Equifax. In connection therewith, Chase made a general or specific certification to Experian and Equifax that Chase sought the information because it had a legitimate business need for the information in connection with a business transaction initiated by Plaintiff or to review an account to determine whether Plaintiff continued to meet the terms of said account.

7. On or about March 27, 2017 Chase accessed the contents of Plaintiff's credit file from Experian and Equifax. In connection therewith, Chase made a general or specific certification to Experian and Equifax that Chase sought the information because it had a legitimate business need for the information in connection with a business transaction initiated by Plaintiff or to review an account to determine whether Plaintiff continued to meet the terms of said account.

8. On or about April 22, 2017 Chase accessed the contents of Plaintiff's credit file from Experian and Equifax. In connection therewith, Chase made a general or specific certification to Experian and Equifax that Chase sought the information because it had a

legitimate business need for the information in connection with a business transaction initiated by Plaintiff or to review an account to determine whether Plaintiff continued to meet the terms of said account.

9. On or about June 02, 2017 Chase accessed the contents of Plaintiff's credit file from Experian and Equifax. In connection therewith, Chase made a general or specific certification to Experian and Equifax that Chase sought the information because it had a legitimate business need for the information in connection with a business transaction initiated by Plaintiff or to review an account to determine whether Plaintiff continued to meet the terms of said account.

10. On or about July 25, 2017 Chase accessed the contents of Plaintiff's credit file from Experian and Equifax. In connection therewith, Chase made a general or specific certification to Experian and Equifax that Chase sought the information because it had a legitimate business need for the information in connection with a business transaction initiated by Plaintiff or to review an account to determine whether Plaintiff continued to meet the terms of said account.

11. On or about October 14, 2017 Chase accessed the contents of Plaintiff's credit file from Experian and Equifax. In connection therewith, Chase made a general or specific certification to Experian and Equifax that Chase sought the information because it had a legitimate business need for the information in connection with a business transaction initiated by Plaintiff or to review an account to determine whether Plaintiff continued to meet the terms of said account.

12. Plaintiff contacted Chase Bank customer service and fraud department requesting that Chase Bank cease accessing his credit file and to place a block when they see his social security number. Plaintiff stated that he does not do business with Chase Bank and has no desire to open any types of accounts or credit accounts with them. Plaintiff requested a full

investigation by Chase bank fraud department. Plaintiff filed a complaint with the Office of the Comptroller of the Currency (OCC) and with the Consumer Financial Protection Bureau (CFPB) in his efforts to stop Chase Bank from accessing his consumer credit reports. Plaintiff also filed an Identity Theft Report with the Federal Trade Commission (FTC). Plaintiff notified all three credit bureaus and requested they block Chase Bank from accessing his credit file and remove any inquiries by Chase Bank. Plaintiff placed a fraud alert on his credit file with all three credit reporting agencies in efforts to stop Chase Bank from accessing his credit file.

13. Plaintiff suffered damage to his credit score as a result of Chase Bank repeatedly accessing his consumer credit report.

14. Plaintiff suffered monetary damage through having to subscribe to TransUnion Credit Monitoring and Credit Lock program to enable him to lock his credit file electronically to keep Chase Bank out of his accessing his credit files.

15. Plaintiff suffered monetary damages for court cost associated with filing this action against Chase Bank in his efforts to stop Chase Bank from accessing his credit files.

## GROUNDS FOR RELIEF

### FAIR CREDIT REPORTING ACT - IMPERMISSIBLE ACCESS

16. Plaintiff hereby re-alleges and incorporates herein by this reference the allegations set forth in Paragraphs No. 1 through 15 of this Petition.

17. Chase is a "person" as that term is defined in 15 U.S.C. §1681a (b).

18. The Fair Credit Reporting Act establishes very specific rules placing limitations upon an entity (or "person") seeking to obtain a consumer's credit history or the content of a consumer's credit file, as follows:

    **(f)**   **Certain use or obtaining of information prohibited.** - A person shall not use or obtain a consumer report for any purpose unless -

      **(1)**   the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

      **(2)**   the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

*See* 15 U.S.C. §1681b(f).

  19.   Section1681 b(a)(3) of the Fair Credit Reporting Act lists the all-inclusive purposes for which a consumer report can be obtained, as follows:

    **(a)**   **In General.** - * * * [A] consumer reporting agency may furnish a consumer report under the following circumstances and no other:

      \*  \*  \*

    **(3)**   To a person which it has reason to believe -

      **(A)**   intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

      \*  \*  \*

      **(F)**   otherwise has a legitimate business need for the information -

        **(i)**   in connection with a business transaction that is initiated by the consumer; or

        **(ii)**   to review an account to determine whether the consumer continues to meet the terms of the account.

  20.   Chase had actual knowledge that it no permissible purpose to obtain Plaintiff's credit information from Experian and Equifax after plaintiff made numerous complaints.

  21.   When requesting Plaintiff's credit information from Experian and Equifax on each of the occasions referenced herein after plaintiff's first complaint, Chase had actual knowledge that it did not have a permissible purpose to obtain such credit information

concerning Plaintiff.

22. For Chase to repeatedly and impermissibly access the credit file of consumer whom is known by Chase to not have any accounts and complaint about unauthorized access constitutes willful non-compliance with the Fair Credit Reporting Act; this is especially true when Chase has before settled a class action case involving this similar conduct. (The *Sleezer v. Chase and Duncan v. Chase* settlement included unauthorized credit reporting access).

23. As a direct and proximate result of Chase's willful conduct as outlined above, Plaintiff seeks $5 Million, plus punitive damages and reasonable attorney's fees together with the costs of this action as provided by 15 U.S.C. §1681n.

24. Alternatively, the impermissible access of Plaintiff's credit information constitutes a negligent violation as set forth in 15 U.S.C. §1681o. In this regard, Plaintiff should be awarded judgment for his actual damages in an amount to be proven at trial, plus punitive damages and attorney's fees together with the costs of this action.

### JURY DEMAND

25. Plaintiff hereby requests, a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to answer and appear herein and that upon final hearing and trial on the merits hereof, Plaintiff have and recover judgment against the Defendant for the following:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. Costs as provided for by statute or Court rule;

e. Reasonable attorneys' fees incurred through trial and any appeal taken therefrom;

f. Interest at the lawful rate until paid;

g.  Such other and further relief to which Plaintiff may be justly entitled, including awarding Plaintiff actual and statutory damages and attorneys' fees.

Respectfully submitted,

_____
Robert Gandy
9550 Spring Green Blvd 408
Katy, TX. 77494
Robertgandy12@yahoo.com
Pro Se
832-654-3107

### Certificate of Service

I, Robert Gandy, hereby certify that a true and correct copy of the foregoing has been served upon defendant JP Morgan Chase Bank, N.A. corporate office legal department at 270 Park Avenue New York, NY 10017-2070, on or about November 15, 2017.

_____
Robert Gandy